AFFIRMED 7 *Vr.* 442.
CITED *in State, Grant, pros.,* v. *Clark,* 9 *Vr.* 104.

---

## THE STATE, EX REL. EZRA STOKES, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF CAMDEN.

1. The board of chosen freeholders of the county of Camden, having refused to accept the official bond of a party, who, according to the legal determination of the county canvassers, had been elected to the office of collector of said county, on the ground that he had not been duly elected. *Held*—that a *mandamus* might issue at the relation of the party so elected, to compel the acceptance of said bond.

2. As between the relator and the board of chosen freeholders, in an application for a *mandamus*, the determination of the board of county canvassers is conclusive.

3. The right of the party to the office can only be called in question by proceedings in *quo warranto.*

---

On application for a *mandamus* to compel the board of chosen freeholders of the county of Camden to accept the official bond of the relator, Ezra Stokes, claiming to have been duly elected collector of said county.

Argued before Justices BEDLE, SCUDDER, and WOODHULL.

For relator, *S. H. Grey* and *E. T. Green.*

For defendants, *P. L. Voorhees* and *A. Browning.*

State, ex rel. Stokes, v. Board of Chosen Freeholders of Camden County.

The opinion of the court was delivered by

WOODHULL, J.    This was an application on behalf of the relator for a writ of *mandamus* to the board of chosen freeholders of the county of Camden, requiring them to accept from him, as county collector, a proper bond for the faithful performance of his duties as such collector, according to the provisions of the nineteenth section of " An act to incorporate the chosen freeholders in the respective counties of the state." *Nix. Dig.* 125.*

That section provides that " each of the said corporations shall, at their annual stated meetings, elect some fit person, being a freeholder and resident in such county, and not a member of such corporation, to the office of county collector, who shall, before he enters upon the execution of his office, give bond, with two sureties, being freeholders and residents in the county, to the said corporation, in such penal sum as they shall think proper, conditioned for the faithful performance of the duties of his said office as collector of such county, according to law, and who shall continue in office and exercise all the rights and discharge all the duties appertaining thereto, until his successor shall be lawfully elected and shall have given bond."

By an act approved March 18th, 1858, (*Pamph L., p.* 437,) providing, among other things, for the election of a county collector in the county of Camden, it was enacted that at the first annual election for members of the general assembly, after the passage of said act, and at such election, every three years thereafter, there should be chosen by the electors of said county, one person to be county collector of said county, who should hold his office for three years, and until his successor should be lawfully elected ; and that the electors should vote for the county collector upon the same ballot, and the election be conducted, and the result determined in the same manner as the elections for the office of sheriff.

By the seventy-sixth and seventy-seventh sections of the election law, (*Nix. Dig.* 271,†) the board of county canvassers are required, in case of an election for members of the senate,

* *Rev., p.* 127.          † *Rev., p.* 349, ¿ 67.

members of the general assembly, sheriff, and coroners, to determine who are duly elected, and to make a certificate of their determination. By the seventy-eighth section they are required, in case of an election for a member of the senate, members of the general assembly, sheriff, and coroners, or any of them, to make the statement of the result of the election, and their determination as to the persons elected, and in all other cases to make the statement of the result of the election upon, and only upon, the statements produced and laid before the board, as directed in the act.

The seventy-ninth and eightieth sections direct that in the case of an election of a member of the senate, members of the general assembly, sheriff, and coroners, or any of them, the clerk of the county shall make copies of the determination of the board, and the certificate appended thereto, and shall deliver a copy, duly certified, to each person elected, and shall also transmit a similar copy, duly certified, to the secretary of state, to be filed in his office as an official paper.

All the facts which seem to us to be material, so far as the present application is concerned, are either admitted or clearly appear from the testimony and exhibits submitted on the argument,

At the general election held in the county of Camden on Tuesday, the 8th day of November, 1870, the relator and Mr. Isaiah Woolston were rival candidates for the office of county collector—Mr. Woolston having been three years before duly elected to that office, and being the actual incumbent thereof at the time of the election in 1870.

A statement of the result of the said election of 1870 was duly made by the board of county canvassers, and also a statement of their determination thereupon as to the persons who had, by the greatest number of votes, been duly elected to the offices for which they had been respectively designated, both of said statements having been certified and filed, as required by law.

The testimony of these official papers is, that the relator

received the greatest number of votes for the office in question and that he was duly elected thereto.

At the annual stated meeting of the board of chosen freeholders of the said county, held at the court-house, in the city of Camden, on the 10th day of May, 1871, a certified copy of the statement of the determination of the board of county canvassers, as to the election of the relator to the office of county collector, was presented to the said board of freeholders, together with an official bond, duly executed by the relator and a number of sureties. No objection was made to the sufficiency of this bond, either as to the amount of the penalty, the ability of the sureties, or in any other respect. The bond was rejected; but it was rejected solely on the ground that the relator had not been duly elected to the office which he claimed. Their rejection of the offered bond for such a reason was equivalent to an absolute refusal to accept from the relator, under any circumstances, a bond conditioned for the faithful performance of his duties as county collector. That it was so understood, and was intended to be so understood by the board of freeholders, is manifest from all the testimony in the case. In thus throwing aside as worthless the official action of the only tribunal authorized by law to decide in the first instance who had been elected by the greatest number of votes to the office in question, and in setting up their own unauthorized judgment against the legal and official determination of that tribunal, the board of chosen freeholders of the county of Camden clearly erred. "That act," says Chief Justice Green, in the *State* v. *The Governor*, "has established two tribunals, whose province it is to determine upon the election of all state and county officers chosen by the people. The result of the election of all county officers is submitted to the determination of the board of county canvassers. The result of the election of the governor, members of congress, and electors of president and vice president, is submitted to the determination of the board of state canvassers. The powers of those boards, within their respective jurisdictions, are substantially the same. They

officially determine what persons are elected to office, and the governor is required to issue commissions in accordance with such determination." 1 *Dutcher* 347, 348.

As between the relator and the board of chosen freeholders, and on this proceeding by *mandamus*, the official determination of the board of county canvassers must be held to be conclusive, and can be called in question only on a direct proceeding by *quo warranto*.

<div align="right">

*Mandamus* ordered.